**Fill in this information to identify your case:**

Debtor 1    Ronisha                    L.                      Williamson
            First Name                 Middle Name             Last Name

Debtor 2
(Spouse, if filing)  First Name        Middle Name             Last Name

United States Bankruptcy Court for the Northern District of Georgia

Case number   23-41104-PWB
(if known)

■ Check if this is an amended plan, and
list below the sections of the plan that
have been changed. Amendments to
sections not listed below will be
ineffective even if set out later in this
amended plan.

§§ 2.1 and 6.1

# Chapter 13 Plan

**NOTE:**   **The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use
in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See
Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order
No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov.
As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time
to time be amended or superseded.**

## Part 1:    Notices

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not
indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy
Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not
have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to
confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders
otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See
Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed
allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be
controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or
not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are
checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| | | | | |
|---|---|---|---|---|
| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ■ Included | □ Not Included |
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | □ Included | ■ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8** | □ Included | ■ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | □ Included | ■ Not Included |

Debtor  Ronisha L. Williamson                                    Case number  23-41104-PWB

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |
|---|---|

**§ 2.1  Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*  ■ 36 months    ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay  $320.00  per  month  for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

■  The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| **Beginning on** *(insert date):* | **The Regular Payment amount will change to** *(insert amount):* | **For the following reason** *(insert reason for change):* |
|---|---|---|
| September, 2023 | $0.00  per  month | change of jobs |
| November, 2023 | $320.00  per  month | income stabilizes |

**§ 2.2  Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

■  Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.
☐  Debtor(s) will make payments directly to the trustee.
☐  Other (specify method of payment): _____

**§ 2.3  Income tax refunds.**

*Check one.*

☐  Debtor(s) will retain any income tax refunds received during the pendency of the case.
■  Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years  2023, 2024 and 2025 , the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.
☐  Debtor(s) will treat tax refunds ("Tax Refunds") as follows: _____

**§ 2.4  Additional Payments.**

*Check one.*

■  **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5  [Intentionally omitted.]**

**§ 2.6  Disbursement of funds by trustee to holders of allowed claims.**

The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders).

| Part 3: | Treatment of Secured Claims |
|---|---|

**§ 3.1  Maintenance of payments and cure of default, if any.**

*Check one.*

■  **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**§ 3.2  Request for valuation of security and modification of certain undersecured claims.**

Debtor  Ronisha L. Williamson                                                    Case number  23-41104-PWB

☐ **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

■ The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.

For each listed claim below, the value of the secured claim will be paid in full, with interest at the rate stated below. For a secured tax claim, the interest rate shall be the interest rate stated in the proof of claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed Monthly preconfirmation adequate protection payment.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | Consumer Portfolio Services, Inc. | $14,841.00 | 2018 Toyota Corolla (11/1/2020) | $11,050.00 | $0.00 | $11,050.00 | 4% | $139.00 | $139.00 step to $294.00 in May, 2026 |

### § 3.3  Secured claims to be paid in full.

*Check one.*

■ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

### § 3.4  Lien avoidance.

*Check one.*

■ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### § 3.5  Surrender of collateral.

*Check one.*

■ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### § 3.6  Other Allowed Secured Claims.

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __8.25__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

Debtor  Ronisha L. Williamson                                          Case number  23-41104-PWB

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

---

| **Part 4:** | **Treatment of Fees and Priority Claims** |

**§ 4.1   General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2   Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3   Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ 4,813.00 . The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended..

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a).

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ 155.00  per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fee Order, until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ 2,813.00  , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ 2,813.00  , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4   Priority claims other than attorney's fees.**

■  **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

---

| **Part 5:** | **Treatment of Nonpriority Unsecured Claims** |

**§ 5.1   Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐  A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

■  A pro rata portion of the larger of (1) the sum of $ 0.00  and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐  The larger of (1) ___% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐  100% of the total amount of these claims

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

Debtor  Ronisha L. Williamson                                                         Case number  23-41104-PWB

**§ 5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

■ **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3  Other separately classified nonpriority unsecured claims.**

*Check one.*

■ **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**§ 6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

■ **Assumed items.** Current installment payments will be disbursed directly by the debtor(s). Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|
| Armando S. Pinheiro | Residential lease | $0.00 | $0.00 |

| Part 7: | Vesting of Property of the Estate |
|---|---|

**§ 7.1  Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**§ 8.1  Check "None" or list Nonstandard Plan Provisions.**

■ **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Debtor   Ronisha L. Williamson                                    Case number   23-41104-PWB

| Part 9: | Signatures |
|---------|------------|

**§ 9.1   Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.*

✖ _____        ✖ _____
Signature of debtor 1 executed on                        Signature of debtor 2 executed on
                    MM / DD / YYYY                                         MM / DD / YYYY

_____        _____
Address                          City, State, ZIP code        Address                          City, State, ZIP code

✖ /s/ Carrie Oxendine                                 Date:   10/17/2023 _____
Signature of attorney for debtor(s)                                      MM / DD / YYYY

Berry & Associates                                    2751 Buford Hwy NE, Ste 600, Atlanta, GA 30324
Firm                                                  Address                          City, State, Zip code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

**CERTIFICATE OF SERVICE**

This is to certify under penalty of perjury that I am over the age of 18 and that on this day I served the parties listed below and those on the attached mailing matrix with a copy of the attached pleadings by placing true copies of same in the United States Mail with adequate postage affixed to ensure delivery.

Armando S. Pinheiro                    Isabel Pinheiro
117 Sheffield Pl                       106 Pleasant St
Cartersville, GA 30121                 Woburn, MA 01801

This the 17th day of October, 2023.

                        _____/s/_____
                        Carrie Oxendine
                        GA Bar No. 141478
                        Attorney for the Debtor
                        Berry & Associates
                        2751 Buford Hwy NE, Ste. 600
                        Atlanta, GA 30324
                        (404) 235-3300
                        carrie@mattberry.com

Label Matrix for local noticing
113E-4
Case 23-41104-pwb
Northern District of Georgia
Rome
Tue Oct 17 14:38:08 EDT 2023

American First Finance
Attn: Bankruptcy
PO Box 565848
Dallas, TX 75356-5848

American First Finance, LLC
c/o Becket and Lee LLP
PO Box 3002
Malvern PA 19355-0702

Amex
Correspondence/Bankruptcy
PO Box 981540
El Paso, TX 79998-1540

Matthew Thomas Berry
Matthew T. Berry & Associates
Suite 600
2751 Buford Highway, NE
Atlanta, GA 30324-5457

(p)CAINE & WEINER COMPANY
12005 FORD ROAD 300
DALLAS TX 75234-7262

Consumer Portfolio Services, Inc.
Attn: Bankruptcy
PO Box 57071
Irvine, CA 92619-7071

(p)CONTINENTAL FINANCE COMPANY
PO BOX 3220
BUFFALO NY 14240-3220

EMERGENCY COVERAGE CORPORATION
PO BOX 1123
MINNEAPOLIS, MN 55440-1123

First Progress
Attn: Bankruptcy
PO Box 9053
Johnson City, TN 37615-9053

(p)GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

IC Systems, Inc
Attn: Bankruptcy
PO Box 64378
St. Paul, MN 55164-0378

Intercoastal Financial Llc
7954 Transit Rd #136X
Williamsville, NY 14221-4117

Internal Revenue Service
401 W. Peachtree St NW
Stop 334-D
Atlanta, GA 30308-3539

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Carrie L Oxendine
Matthew T. Berry & Associates
Suite 600
2751 Buford Highway NE
Atlanta, GA 30324-5457

Quantum3 Group LLC as agent for
CASCADE CAPITAL FUNDING LLC
PO Box 788
Kirkland, WA 98083-0788

Redmond Regional Medical Center
Resurgent Capital Services
PO Box 1927
Greenville, SC 29602-1927

Resurgent Capital Services
Attn: Bankruptcy
PO Box 10497
Greenville, SC 29603-0497

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303-1229

Security Finance Co
Attn: Bankruptcy
PO Box 1893
Spartanburg, SC 29304-1893

Susan H. Senay
Matthew T. Berry & Associates
Suite 600
2751 Buford Highway NE
Atlanta, GA 30324-5457

T Mobile/T-Mobile USA Inc
by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

United States Attorney
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta GA 30303-3309

Ronisha Lynette Williamson
340 Leafmore Rd.
Apartment 1
Rome, GA 30165-3857

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Caine & Weiner                    Continental Finance Company        Georgia Department of Revenue
Attn: Bankruptcy                  Attn: Bankruptcy                   Bankruptcy Unit
5805 Sepulveda Blvd 4th Floor     PO Box 8099                        1800 Century Blvd, NE, Ste 9100
Sherman Oaks, CA 91411            Newark, DE 19714                   Atlanta, GA 30345


Jefferson Capital Systems, LLC    End of Label Matrix
Attn: Bankruptcy                  Mailable recipients    25
16 McLeland Road                  Bypassed recipients     0
Saint Cloud, MN 56303             Total                  25
```